Caruthers, J.,
delivered the opinion of the Court.
On 6th January, 1857, this action of debt was commenced in Coffee Circuit Court. The declaration contains two counts. The first is upon an instrument in these words:
“I promise to pay James E. Smith, sixty dollars for value received, when James Buchanan beats Millard Fillmore 2100 votes in Tennessee, for President of the United States, in the year 1856. Witness my hand and seal,, this' 6th day of October, 1856.
“Thomas Stephen. [l. s.]”
The second count is for the value of a gun, and for money had and received. It appears that at the time of the transaction, on the day of the date of the note, the plaintiff delivered over to the defendant, a double-barrelled shot-gun, worth thirty dollars, and for this, the obligation was given to pay §60, on the contingency stated in the ■writing. This made a case of wilful betting on election. 5 Humph., 561, Quarles vs. State. His Honor charged the jury that no recovery could be had, on either count: not on the 1st, because it was a gambling transaction, and, therefore, void: nor upon the 2d, because the act of 1799, ch. 8, 'sec. 4, authorizing property lost on any game to be recovered back from the winner, if sued for *255 in ninety days, could ■ only be made available by an action of case, or detinue, for tbe goods delivered, but not in debt.
Under this charge, the action was defeated, on both counts. He held, also, that if the proper form of action had been brought within ninety days, the plaintiff would have been entitled to recover the value of the gun, under the provisions of the act of 1799. In this last position, we think there is error; but it was in favor of the plaintiff, and is no ground for a reversal.
In this view it is immaterial what form of action is .adopted, as we hold that the provision of the act referred to does not embrace the case of betting on elections. None of the statutes against gaming, include this offense. It was made indictable as a “misdemeanor,” in 1823, and to be punished as gaming. ' Before that time, it was not a criminal offense at all, nor was it gaming after that. Meigs’ Rep., 99; 4 Humph., 277.
The Legislature regarding it as a very great political and moral evil, leading to “bribery and corruption, and tending to mingle the mean and sordid motives of the gambler in the exercise of the elective franchise, which should be entirely guided and controlled by a liberal and enlightened patriotism,”' very wisely entered it upon the black catalogue of indictable offenses. But still it was a distinct offense from gambling, and not embra.ced by the statute of 1799, 1817, or any other statute in regard to the offense.
In 1843 it was held in the case of Allen vs. Dodd, 4 Humph., 132, that the provision in the act of 1799, for the recovery of money or goods, delivered to the.winning gambler, did not extend to goods or money lost on *256 elections, as that was a new offense to which the old statute did not apply.
"Without the aid of the statute, it is clear upon the sound general principle, that a party to a transaction, so in conflict with public policy and • good morals, would find no favor or countenance in a Court of justice,, but would be left to endure the loss or suffering that his own folly and disregard of law, patriotism, and morals, had brought upon him. Too much force cannot well be given to the law, against this offence: it corrupts the foundation of our system.
The late act of 1856, by which betting on elections is made gaming, only changes the name of the offense, and not its nature, as we have several times held.
This does not have the effect to change the law, in relation to the question under consideration, but it still remains as it was settled in Allen vs. Dodd.
And we are not disposed to go beyond the positive legislation on the subject, for the relief of those who engage in these immoral and corrupting practices.
Courts of justice should be protected from the defilement of the investigation of such transactions, for the relief of either party. Though the contract is void, and no title passes to the property sold or lost, yet no aid will be given to recover it back, in cases to which the statute does not apply.
Let the judgment be affirmed.